**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ANTONIO GRANADENO MOLINA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-71510 <br><br> Agency No. A200-156-793 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 6, 2015
Pasadena, California

Before: SILVERMAN, SACK[**], and WARDLAW, Circuit Judges.

Luis Antonio Granadeno Molina, a native and citizen of El Salvador,

petitions for review of a final order of removal. We have jurisdiction pursuant to 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

U.S.C. § 1252. We review factual findings for substantial evidence and grant the petition for review only if the record compels a contrary conclusion. *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013). We deny in part and grant in part the petition for review and remand the withholding of removal claim to the Board.

The record does not compel a conclusion that Granadeno Molina established either changed or extraordinary circumstances to excuse his late asylum application or show that the delay was reasonable. 8 C.F.R. §§ 1208.4(a)(4), (5); *Gasparyan v. Holder*, 707 F.3d 1130, 1134-35 (9th Cir. 2013); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007). Therefore, that portion of his petition for review is denied.

The Board's denial of Convention Against Torture relief is also supported by substantial evidence. There is no evidence in the record to compel a conclusion that it is more likely than not that Granadeno Molina would be tortured with the consent or acquiescence of a public official if returned to El Salvador. *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (torture must be "inflicted 'at the instigation of or with the consent or acquiescence of'" a public official). The petition is denied with respect to that claim.

However, the Board considered Granadeno Molina's social group claim before we decided *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en

banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and before the Board decided *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Therefore, we remand the withholding of removal claim to allow the Board to consider the impact, if any, of these decisions on Granadeno Molina's withholding of removal claim. *INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW DENIED IN PART, GRANTED IN PART, AND REMANDED.**

Each party shall bear its own costs.